**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**Janet RENO, as State Attorney, 11th Judicial District of Florida, or Her Successors, Defendant.**

**No. 84–0141–CIV–JLK.**

United States District Court, S.D. Florida.

April 10, 1984.

Patrick Q. White, Miami, Fla., for E.E.O.C.

Bruce A. Minnick, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, Fla., for Janet Reno.

**ORDER GRANTING MOTION TO DISMISS**

JAMES LAWRENCE KING, Chief Judge.

THIS CAUSE comes before the court upon the defendant's Motion to Dismiss.

The defendant contends that this court lacks jurisdiction over all claims presented by this plaintiff pursuant to the Age Discrimination Employment Act of 1967. 29 U.S.C. §§ 621–634 (1975 & Supp.1983). (Hereinafter ADEA.) In support of this contention the defendant makes two arguments. First, the defendant argues that she is not governed by the act because she is not an employer as defined by the act. The defendant cites 29 U.S.C. § 630(b) for the proposition that an employer under the act is a member of a class of persons who employ employees. The defendant then asks the court to analogize this statutory scheme with certain other statutory schemes so that the court will find that the defendant has no employees and, therefore, find that the defendant could not be an employer.

Interpreting 29 U.S.C. § 630(b) to mean that a State, or political subdivision or the agents or instrumentalities of either, can only be an employer when it has employees as defined by the act, the court finds that the defendant does not employ employees and, therefore, that she is not an employer as defined by the act.

The statute defines an employee to be: [A]n individual employed by any employer except that the term "employee" shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policymaking level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office. The exemption set forth in the preceding sentence shall not include employees subject to the civil service laws of a State government, governmental agency, or political subdivision.

29 U.S.C. § 630(f).

In interpreting the identical language found in the civil rights statute 42 U.S.C. § 2000e, the United States Court of Appeals for the Ninth Circuit found that a deputy district attorney was not an employee within the statute. *Ramirez v. San*

*Mateo County,* 639 F.2d 509 (9th Cir.1981). That court concluded that the above quoted language was intended to exempt certain workers, such as deputy district attorneys, who serve at the pleasure of their superior who has plenary power of appointment and removal. The court also noted that deputy district attorney's were unlike other workers in that the deputies were not subject to the normal protections of the county civil service system.

The court went on to explain:

This characterization of the deputy's position in county law tells us much about the working relationship the county envisions between district attorney and deputy. The exclusive powers of selection and retention indicate that deputies perform to the district attorney's personal satisfaction rather than to the more generalized standards applied to other county workers by the civil service system. Such a level of personal accountability is consistent with the highly sensitive and confidential nature of the work which deputies perform as well as with the considerable powers of the deputy to represent the district attorney in legal proceedings and in the eyes of the public. (Citations omitted). We conclude that when a job includes this level of personal accountability to one elected official, it is precisely the sort of job Congress envisioned to be within the "personal staff" of that official and thus exempt from Title VII.

*Ramirez,* 639 F.2d at 513.

The court finds the analysis in Ramirez to be persuasive in the interpretation of the ADEA. Florida law provides that the defendant herein shall appoint and direct assistant state attorneys. The assistant state attorney's so appointed serve at the pleasure of the state attorney appointing him. Further, assistant state attorneys have been exempted from the provisions of Florida's Career Service System. The court concludes that this is the exact type of personal accountability relied upon by the Ninth Circuit in *Ramirez* and the court agrees that assistant state attorneys are precisely the sort of workers that Congress envisioned to be within the "personal staff" of the states attorney and thus exempt from the ADEA.

Since the pertinent portions of the ADEA only give this court jurisdiction to enforce the proscription of discrimination by an employer and since the defendant herein is not an employer, the court is forced to the conclusion that it does not have jurisdiction in this case.

Having come to this conclusion, it is not necessary for the court to consider the defendant's second argument.

Accordingly, the court does:

ORDER and ADJUDGE that the defendant's motion to dismiss be, and it is, GRANTED. This action is DISMISSED.